## R. S. BOWEN ET AL. V. LANSING WAGON WORKS.

Decided February 9, 1898.

**1. Sale—Lien—Reservation of Title—Statute Construed.**

Section 17 of the assignment law of 1879 (Revised Statutes, article 2584) does not by its terms apply to or make void a reservation by the vendor until payment of the purchase price of his title to merchandise which was to be exposed for sale by the vendee, such transaction not being "a form of lien attempted to be given by the owner" within the meaning of that statute.

**2. Same.**

The subsequent enactment in 1885 of the present articles 2549, 3327, Revised Statutes, 1895 (making such reservation a chattel mortgage), did not extend the provisions of article 2584 so as to make it include such a transaction.

**3. Same—Chattel Mortgage—Failure to Register—Trust Deed—Accepting Creditors.**

Revised Statutes, articles 3327, 3328, giving such reservation of title the effect of a chattel mortgage subject to registration, do not make such lien, though unregistered, void as against creditors of such vendee who have acquired no rights in the property other than by an acceptance of a deed of trust by the vendee conveying the mortgaged property for their benefit.

**4. Same.**

To protect such accepting creditors they must have paid a valuable consideration for their mortgage lien at the time of its execution, in addition to their pre-existing debts. The fact that they are lien creditors for a pre-existing debt will not suffice.

**5. Same—Creditors.**

The term "creditors," as used in article 3327, has the same meaning as in article 3328, and includes all persons whose claims are, upon certain conditions, charged by law as specific liens upon certain property, such as holders of attachment, execution, judgment, landlords' and mechanics' liens, and no others.

**6. Same—Purchasers—Consideration.**

The word "purchasers" in article 3327, as in article 3328, includes all persons who have fixed their liens by contract or act of the parties, and embraces holders of claims secured by trust deed or mortgage, who, in order to bring themselves within the terms of the statute, must show that they hold for a consideration advanced without notice of the unrecorded lien.

**7. Same—Pre-existing Debt.**

A pre-existing debt, where there is no extension of time, is not such a consideration.

APPEAL from McLennan. Tried below before Hon. M. SURRATT.

*Sims & Snodgrass,* for appellant.

*J. B. Scarborough,* for appellee.

The questions involved in this appeal, with briefs of counsel and the opinion of the Supreme Court here adopted as disposing of the case, appear in the report of the decision upon certified questions in this cause in 91 Texas, 385.

COLLARD, ASSOCIATE JUSTICE.—We adopt the statement and the findings of fact, stated and found by us in certifying questions in this

case to the Supreme Court. The facts there stated are the facts proven and established in the court below, and it is unnecessary to repeat them.

*Opinion.*—The opinion of the Supreme Court on the questions certified decides every material question involved in the appeal adversely to the appellant. We adopt the same as our opinion upon the questions raised by the assignment of errors.

We therefore conclude that none of the assignments of error can be sustained. The judgment of the lower court is therefore affirmed.

*Affirmed.*